**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOY BATTLE**, | **Case No.  2:21-cv-03238-JDW** |
| *Plaintiff*, | |
| v. | |
| **OLD NAVY, LLC, et al.**, | |
| *Defendants*. | |

## <u>MEMORANDUM</u>

Joy Battle alleges that Tanya Byrd assaulted her when Ms. Byrd threw a metal shelf at Ms. Battle while Ms. Battle was shopping, and Ms. Byrd was working, at an Old Navy store. To no one's surprise, this led to a lawsuit. Ms. Battle seeks to recover from Ms. Byrd, from Ms. Byrd's employer, Old Navy LLC, and from Old Navy's corporate affiliate The Gap, Inc. Old Navy removed the case to this Court on the theory that Ms. Byrd is not a real party in interest, even though she's the alleged bad actor. It might be true that Plaintiff's real economic focus is on Old Navy, as a deep pocket. But from a legal standpoint, Old Navy's argument makes no sense. Ms. Battle has a basis to sue Ms. Byrd personally, and she has done so. The Court will therefore remand this case to the Philadelphia Court of Common Pleas.

I.      **BACKGROUND**

While shopping at an Old Navy store in Philadelphia, Ms. Battle encountered Ms. Byrd, an Old Navy employee "who was in an extremely agitated mood." (ECF No. 1, ¶ 35.) According to the Complaint, Ms. Byrd "engaged Ms. Battle in a verbal confrontation over . . . the cost of a clothing item." (*Id.* at ¶ 36.) When Ms. Battle attempted to leave Old Navy, Ms. Byrd "picked up a piece of metal shelving and threw it at Ms. Battle, striking her in the head and causing her to suffer serious and permanent injuries." (Id. at ¶¶ 37-38 (cleaned up).)

On June 17, 2021, Ms. Battle sued Old Navy, The Gap, and Ms. Byrd in the Philadelphia Court of Common Pleas. She asserts five causes of action, including negligence and assault and battery. She asserts those two tort claims against Ms. Byrd and against Old Navy and the Gap on a theory of vicarious liability. (ECF No. 1-4.) On July 23, 2021, the Court ordered both parties to file a "memorandum discussing whether diversity of citizenship exists based on Ms. Byrd's citizenship of residence and the State(s) of citizenship of Old Navy's members." (ECF No. 2.)

In its memorandum, Old Navy avers that it is a foreign company, incorporated in the state of Delaware, with a principal place of business in California, and that none of its members resides in Pennsylvania. Old Navy also argues that although Ms. Byrd is a Pennsylvania resident, her "personal residence should not be considered for the purposes of diversity" because she is

a "nominal party" to this case added "to destroy diversity and defeat removal."
(ECF No. 3 at 5-6.) Ms. Battle disagrees with this characterization and asks the
Court to remand the case to the Court of Common Pleas.

## II.    LEGAL STANDARD

A defendant may remove a civil action brought in state court to federal
district court if the district court has jurisdiction over the matter. *See* 28 U.S.C. §
1441(a). Jurisdiction exists over cases where the amount in controversy exceeds
the sum or value of $75,000 and where there is complete diversity between
citizens of different states. *See* 28 U.S.C. § 1332(a). "The party asserting
jurisdiction bears the burden of showing the action is properly before the federal
court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).
Furthermore, a district court must remand the case "[i]f at any time before final
judgment it appears that the district court lacks subject matter jurisdiction." 28
U.S.C. § 1447(c); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750
(3d Cir. 1995). Courts must "strictly construe[ ]" removal statutes against removal
and resolve all doubts in favor of remand. *Steel Valley Auth. v. Union Switch &
Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

When determining the parties' citizenship, courts must disregard nominal
or fraudulently joined parties and "rest jurisdiction only upon the citizenship of
real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461
(1980); *see Steel Valley*, 809 F.2d at 1010. In other words, a diverse defendant
may remove a case to federal court if it can show that the plaintiff joined a

nondiverse defendant solely to defeat diversity jurisdiction or that the nondiverse defendant is a nominal defendant. *See Navarro*, 446 U.S. at 461; *Steel Valley*, 809 F. 2d at 1010. A nominal party is one "without a real interest in the litigation," *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir.1991), "defined as neither necessary nor indispensable to the suit," *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016). Likewise, fraudulent joinder occurs when a defendant is joined merely to defeat removal, as there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting another source).

As the proponent of federal jurisdiction, the removing party has the heavy burden of persuasion to prove that a party is nominal or fraudulently joined. *See Steel Valley*, 809 F. 2d at 1010, 1012 n. 6; *see also Boyer*, 913 F.2d at 111 (quoting *Steel Valley*, 809 F. 2d. at 1010, 1012 n. 6); *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450 (E.D. Pa. 2019). Under either theory, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*; *see also Dietz*, 168 F. Supp. 3d at 759.

In determining whether a claim against a nondiverse defendant is colorable, a court "must 'focus on the plaintiff's complaint at the time the

petition for removal was filed.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley*, 809 F. 2d at 1010). A claim is colorable so long as it is not "wholly insubstantial and frivolous." *Id*. at 852. In making this determination, the Court "must assume as true all factual allegations of the complaint" and "must resolve any uncertainties as to the current state of controlling substantive state law in favor of the plaintiff." *Id*. at 852. With respect to the fraudulent joinder analysis only, the Court may also look beyond the pleadings "to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006). But it "must not step from the threshold jurisdictional issue into a decision on the merits." *Id.* (quotation marks omitted).

## III.   DISCUSSION

Ms. Battle and Ms. Byrd are both Pennsylvania residents, but Old Navy argues that the Court should disregard Ms. Byrd's citizenship. Although Old Navy uses the words "nominal defendant" in its brief, it argues that Ms. Battle named her to "destroy diversity and defeat removal," which sounds like a fraudulent joinder argument. (ECF No. 3 at 6.) Either way, Old Navy's argument fails because Ms. Battle has asserted viable claims against Ms. Byrd, in which Ms. Byrd has an interest.

Under Pennsylvania law, "battery is an offensive touching without consent, and assault is an action that makes a victim believe that a battery is about to occur." *Martin-McFarlane v. City of Philadelphia*, 299 F. Supp.3d 658, 670–71 (E.D. Pa. 2017). Ms. Battle's Complaint alleges that Ms. Byrd "picked up a

piece of metal shelving and threw it at Ms. Battle, striking her in the head. . . ."
(ECF No. 1 at ¶ 37.) There is little doubt that getting hit with a metal shelf
constitutes offensive touching without consent. The Court is hard-pressed to see
how Ms. Battle's claims are "wholly insubstantial and frivolous." *Batoff*, 977 F.2d.
at 851-52. In light of this, the Court cannot find that Ms. Byrd's joinder could be
deemed fraudulent or that Ms. Byrd is a nominal defendant.

Old Navy argues that Ms. Byrd "should not be considered for the purpose
of diversity" because Ms. Battle was "a *business invitee* of Defendants" and
"Tanya Byrd, as an individual, has no duty to interact with an invitee in a safe
and respectful manner" or "to take into account the rights and safety of the
Plaintiff." (ECF No. 3 at 8, 9 (emphasis in the original).) This argument
misapprehends both the basic principles of negligence liability and the doctrine
of *respondeat superior*. First, it is well-settled that everyone is under a general
duty to exercise reasonable care under the circumstances to avoid injury to
others. *See Palsgraf v. Long Island R. Co.*, 162 N.E. 99 (N.Y. 1928). Thus, regardless
of Ms. Battle's status as a business invitee, Ms. Byrd owed Ms. Battle the general
duty to exercise reasonable care to avoid injuring her. According to the
Complaint, Ms. Byrd failed to meet this minimal standard of care when she threw
a metal shelf at Ms. Battle.

Second, the doctrine of *respondeat superior* is not a doctrine of immunity
for corporate employees. To the contrary, "under Pennsylvania law, a corporate
employee may be liable for his own torts, even if he was acting within the scope

of his employment when he engaged in the tortious conduct in question, and regardless of whether the employer may also be liable for the employee's conduct." *Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018). That is, the doctrine of *respondeat superior* expands the potential defendants in a case; it does not narrow it. At the pleadings stage, especially, this makes sense, because Old Navy will likely deny that *respondeat superior* applies in this case. Old Navy's argument would turn the doctrine on its head by suggesting that, once a plaintiff invokes the doctrine, she excuses the individual employee from liability. That's not the law.

In its brief, Old Navy points to the fact that Ms. Battle filed an initial complaint in state court that named a Jane Doe Defendant, instead of Ms. Byrd. But just because Ms. Battle apparently did not know Ms. Byrd's identity when she first filed suit does not mean that Ms. Battle does not assert claims against Ms. Byrd personally.

## IV.    CONCLUSION

Ms. Battle wants to recover for what happened to her. Her primary focus, as an economic matter, might be Old Navy. But just because the alleged incident occurred at Ms. Byrd's place of business and her employer might be on the hook does not mean that Ms. Byrd is immune from liability. Ms. Byrd is not a nominal or fraudulently joined defendant. And because Ms. Byrd, like Ms. Battle, is a Pennsylvania resident, the Court lacks subject matter jurisdiction. The Court

will remand this case to the Philadelphia County Court of Common Pleas. An appropriate Order follows.

BY THE COURT:

/s/ Joshua D. Wolson
JOSHUA D. WOLSON, J.

September 3, 2021